# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| ELLO M. WOODWARD, | ) | CASE NO. 4:14-cv-1935 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| JOE COAKLEY, et al, | ) | |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Before the court is *pro se* plaintiff Ello M. Woodward's Federal Tort Claims Act complaint. Plaintiff, an inmate at the Federal Correctional Institution at Elkton (FCI Elkton), brings this action against FCI Elkton Wardens Joe Coakley and R. Hansen, and against Bureau of Prisons Chief Administrator Jose A. Santana. The complaint alleges plaintiff was transferred to FCI Elkton in October 2013, and that, for lack of bed space, he was placed in the Special Housing Unit there for 30 days. During that period, he alleges, he could not have a phone call, could not have access to his personal property or the law library, and was not allowed to attend religious services or education programs. For the reasons below, this action is dismissed pursuant to 28 U.S.C. § 1915A.

A district court is expressly required to dismiss any civil action filed by a prisoner seeking relief from a governmental officer or entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from

such relief. 28 U.S.C. §1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167 , at *2 (6th Cir. Feb. 1, 2000).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (2009). A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard.  *Id.*

As a threshold matter, plaintiff simply does not set forth allegations giving rise to a valid tort claim, as there is no reasonable suggestion defendants were negligent in any manner. Further, prisoners have narrower liberty interests than other citizens, as "lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Sandin v. Conner*, 515 U.S. 472, 485, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995). A prisoner does not have a general liberty interest in avoiding transfer to more adverse conditions of confinement. *Wilkinson v. Austin*, 545 U.S. 209, 221, 125 S. Ct. 2384, 162 L. Ed. 2d 174 (2005). Absent an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," there is no infringement on a protected liberty interest. *Sandin*, 515 U.S. at 484. The

conditions plaintiff describes, under which he lived for only 30 days, do not arguably constitute an atypical hardship.

Based on the foregoing, this action is dismissed under section 1915A. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.


Dated: March 6, 2015

                                    **HONORABLE SARA LIOI**
                                    **UNITED STATES DISTRICT JUDGE**